# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| NATIONAL CREDIT UNION ADMINISTRATION BOARD, *acting in its capacity as Liquidating Agent for the St. Paul Croatian Federal Credit Union*, | ) ) ) ) ) | CASE NO. 1:12-CV-1282 JUDGE JOHN R. ADAMS |
| PLAINTIFF, | ) ) | |
| v. | ) ) ) | DEFENDANT A. EDDY ZAI'S |
| A. EDDY ZAI, *et al.*, | ) ) | **MOTION TO STAY PROCEEDINGS** |
| DEFENDANTS. | ) | |

Defendant A. Eddy Zai respectfully moves the Court for an order staying the above captioned proceedings given that Mr. Zai is subject to a parallel criminal proceeding that substantially relates to the instant civil matter. The bases for a stay in this matter are as follows:

1) The issues and operative facts in the parallel criminal proceeding significantly overlap with the issues and operative facts presented in the instant case.

2) The criminal case is ongoing, and the criminal trial is set to begin on November 5, 2012. *See* Case No. 1:12-CR-071.

3) While Plaintiff has an interest in proceeding expeditiously in this case, the resolution of the criminal matter will likely resolve most of the potential discovery and Fifth Amendment issues in the civil matter. Further, the criminal case should conclude long before a trial in this civil matter would begin thereby significantly reducing any prejudice to Plaintiff.

4) Mr. Zai has a substantial interest in preserving his Fifth Amendment privilege against self-incrimination.

5) The Court's interests would be served by the stay given that both the criminal and civil matters are on this Court's docket and the resolution of the criminal matter should resolve the majority of the potential discovery and Fifth Amendment issues in the civil case thereby preserving substantial judicial resources.

72026916.1

- 2 -

6) The public's interests will not be prejudiced by the grant of a stay in the civil case given that the trial in the criminal case is set for November 5, 2012. The facts concerning the issues in both cases should be revealed in the criminal matter well before any such facts would be learned by the public in the civil matter.

Defendant Zai therefore respectfully requests that the Court issue an order staying the above captioned civil proceedings until the resolution of the parallel criminal proceedings.

This Motion is supported by the attached Memorandum.

Respectfully submitted,

/s/ *Charles A. Bowers*
Charles A. Bowers (0064075)
H. William Beseth, III (0082366)
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114
Ph: (216) 241-2838
Fx: (216) 241-3707
cbowers@taftlaw.com
hbeseth@taftlaw.com

*Attorneys for Defendants A. Eddy Zai and*
*The Cleveland Group of Companies*

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **NATIONAL CREDIT UNION ADMINISTRATION BOARD,** *acting in its capacity as Liquidating Agent for the St. Paul Croatian Federal Credit Union,* | ) ) ) ) ) |
| | **CASE NO. 1:12-CV-1282** |
| | **JUDGE JOHN R. ADAMS** |
| PLAINTIFF, | |
| v. | |
| A. EDDY ZAI, *et al.*, | **MEMORANDUM IN SUPPORT OF DEFENDANT A. EDDY ZAI'S MOTION TO STAY PROCEEDINGS** |
| DEFENDANTS. | |

**INTRODUCTION**

Defendant A. Eddy Zai is currently a defendant in a parallel criminal proceeding (Case No. 1:12-CR-071) before this Court that is set for trial on November 5, 2012. Plaintiff National Credit Union Administration Board, acting in its capacity as Liquidating Agent for the St. Paul Croatian Federal Credit Union ("NCUA") filed the above captioned civil case against Mr. Zai and others asserting numerous claims that involve the same or similar issues presented in the parallel criminal matter. Mr. Zai requests a stay of the instant civil case during the pendency of the parallel criminal matter in order to, *inter alia*, preserve his Fifth Amendment privilege against self-incrimination.

For the reasons more fully discussed below, an order staying this case is appropriate and warranted given the significant overlap of the issues between the civil and criminal matters, the ongoing nature of the criminal case, the limited resources and time available to all parties and the Court, and Mr. Zai's substantial interest in preserving his Fifth Amendment rights.

**RELEVANT PROCEDURAL BACKGROUND**

The government indicted Mr. Zai on February 7, 2012. (Case No. 1:12-CR-071, ECF No. 1.) The criminal case is pending before this Honorable Court. The Court's Superseding Criminal Trial Order scheduled the trial to begin on November 5, 2012. (Case No. 1:12-CR-071, ECF No. 41 at 1.) The government's allegations in the Indictment allege that loans made by St. Paul Croatian Federal Credit Union ("St. Paul") to Mr. Zai, The Cleveland Group of Companies[1], and others have not been repaid. (Case No. 1:12-CR-071, ECF No. 1.)

NCUA filed its civil Complaint against Mr. Zai, The Cleveland Group of Companies, and others on May 21, 2012. (ECF No. 1.) NCUA's Complaint also alleges that Mr. Zai, The Cleveland Group of Companies, and others received loans from St. Paul that have not been repaid and for which the Defendants have been unjustly enriched. (*See* ECF No. 2.) The St. Paul loans at issue in the government's criminal case against Mr. Zai are also at issue in NCUA's civil case against Mr. Zai. *Compare* Case No. 1:12-CR-071, ECF No. 1 (the government's Indictment) *with* ECF No. 1 (NCUA's Complaint).

**LAW AND ARGUMENT**

**I.      Motion for Stay Standard of Law**

Courts in this District and Circuit have generally adopted and agreed on the applicable standard of law to determine whether a court should grant a motion to stay a civil action when a

---

[1] "The Cleveland Group of Companies" hereinafter collectively refers to, unless otherwise indicated, Defendants Cleveland Group, Ltd., Cleveland Development Group, Ltd., Cleveland Group Construction Division, Inc., Alpina, Inc., Cleveland Environmental Group, LLC, Cleveland Management Group, Inc., Cleveland Flooring & Designs, Ltd., Cleveland Real Estate Group, Inc., Cleveland Group, Excavating Division, LLC.

- 4 -

party to the action is subject to a criminal proceeding that relates to the civil action. The generally accepted standard is as follows:

> "While nothing in the Constitution requires a civil action to be stayed in the face of a pending or impending criminal indictment, a court still has broad discretion in determining whether to stay a civil action while a criminal action is pending or impending." *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D.Mi. 2007) (citing *Landis v. No. Am. Co.*, 299 U.S. 248, 254–55, 57 S.Ct. 163, 81 L.Ed. 153 (1936)). "Courts are afforded th[e] discretion [to stay proceedings] because the denial of a stay could impair a party's Fifth Amendment privilege against self-incrimination, extend criminal discovery beyond the limits set forth in Federal Rule of Criminal Procedure 16(b), expose the defense's theory to the prosecution in advance of trial, or otherwise prejudice the criminal case." *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund v. Transworld Mech., Inc.,* 886 F.Supp. 1134, 1138 (S.D.N.Y.1995). "A stay of a civil case is an extraordinary remedy that should be granted only when justice so requires." *Chao*, 498 F.Supp.2d at 1037 (citations omitted). In determining whether to grant a stay, courts should consider the following factors:
>
>> 1) the extent to which the issues in the criminal case overlap with those presented in the civil case; (2) the status of the case, including whether the defendants have been indicted; 3) the private interests of the plaintiffs in proceeding expeditiously weighed against the prejudice to plaintiffs caused by the delay; 4) the private interests of and burden on the defendants; 5) the interests of the courts; and 6) the public interest.
>
> *Trustees of the Plumbers & Pipefitters Nat'l Pension Fund*, 886 F.Supp. at 1139 (footnotes and citations omitted).

*Commodity Futures Trading Comm'n. v. Watson*, 2011 WL 2174904, *1-2 (E.D. Mich. June 3, 2011); *accord Springsteen v. Garret*, 2012 WL 368276, *1 (E.D. Mich. Feb. 3, 2012); *Clayborn v. Ohio*, 2011 WL 5999040, *1 (S.D. Ohio Nov. 30, 2011); *Coley v. Lucas County, Ohio*, 2011 WL 5838190, *2 (N.D. Ohio Nov. 18, 2011); *McCloskey v. White*, 2011 WL 780793, *1 (N.D. Ohio March 1, 2011); *McCullaugh v. Krendick*, 2009 WL 2929306, *1-2 (N.D. Ohio Sept. 9, 2009); *Sparkman v. Thompson*, 2009 WL 1941907, *1-2 (E.D. Ky. July 6, 2009); *Eastwood v. United States*, 2008 WL 5412857, *1-2 (E.D. Tenn. Nov. 14, 2008); *Chao v. Fleming*, 498 F.Supp.2d 1034, 1037 (W.D. Mich. July 6, 2007).

## II. This Matter should be Stayed Pursuant to the Application of the *Transworld Mechanical* Factors

This matter should be stayed pending the resolution of the parallel criminal proceeding based upon the *Transworld Mechanical* factors.

### A. The Issues in the Criminal Case Significantly Overlap with the Issues in this Civil Case

Given that the facts and issues between the criminal and civil cases overlap, a stay is warranted in this case. "The similarity of the issues underlying the civil and criminal actions is considered the most important threshold issue in determining whether or not to grant a stay." *McCullaugh v. Krendick*, 2009 WL 2929306 at *2 (quoting *Eastwood v. United States*, 2008 WL 5412857 at *1). The government's Indictment in the parallel criminal matter alleges, *inter alia*, that Mr. Zai, The Cleveland Group of Companies, and others conspired to defraud St. Paul by accepting fraudulent loans from St. Paul and failing to repay them. In its civil case, NCUA alleges that Mr. Zai, The Cleveland Group of Companies, and others, obtained these same loans, failed to repay them, and as a result were unjustly enriched.

Accordingly, application of the first *Transworld Mechanical* factor supports the grant of a stay in this case.

### B. Mr. Zai has been Indicted, the Criminal Matter is Ongoing, and the Criminal Trial is set to begin on November 5, 2012

"In general, courts recognize that the case for a stay is strongest where the defendant has already been indicted . . . ." *Chao v. Fleming*, 498 F.Supp.2d at 1037. That is the case here. The trial in the parallel criminal matter, which will involve the same operative facts and most of the same individuals who are likely to be witnesses in this case, is set to start in less than five (5) months. As a result, the amount of time that the civil case would be stayed is not excessive.

- 6 -

Accordingly, application of the second *Transworld Mechanical* factor supports the grant of a stay in this case.

### C. Plaintiff's Private Interests and Prejudice Caused by a Stay are Minimal

NCUA's interest in the speedy resolution of this civil matter will not be prejudiced by a stay. The damages NCUA seeks to collect in this civil matter, *i.e.*, repayment of the loans, is only possible through payments due under a Promissory Note payable to one of The Cleveland Group of Companies. The government has seized those payments until the parallel criminal matter has concluded. Therefore, resolution of the civil matter, absent a settlement, is inextricably tied to the criminal case, which is likely to conclude much sooner than the civil case.

In addition, absent a stay, many of the witnesses in the civil case will be forced to choose between waiving and asserting their respective Fifth Amendment rights. Assuming that those witnesses choose to assert their rights, discovery in the civil case will likely be hampered by the existence of the criminal matter. Given all of these competing interests, the NCUA will be less prejudiced by a stay until the criminal matter is resolved.

Accordingly, application of the third *Transworld Mechanical* factor supports the grant of a stay in this case.

### D. Mr. Zai has Substantial Private Interests and is Exposed to a High Burden

By contrast, Mr. Zai has a substantial private interest in effectively defending against NCUA's civil claims and the government's parallel criminal case against him. Absent a stay, he will be forced to choose whether to relinquish or preserve his Fifth Amendment rights in both cases and what is best in one is not necessarily best in the other. Granting a stay would remedy this "catch-22" situation, allows Mr. Zai to preserve his Fifth Amendment rights without being disadvantaged, and provides fairness to both matters.

Also, as discussed during the May 24, 2012 hearing in the criminal and civil matters, Mr. Zai needs to conserve his finite financial resources as it relates to litigation costs in both cases. The current situation is unique in that both the criminal and civil cases seek to recover the same funds for the same institution, the NCUA. Defending these simultaneous criminal and civil cases forces Mr. Zai to extinguish his financial resources twice as fast.

Accordingly, application of the fourth *Transworld Mechanical* factor supports the grant of a stay in this case.

### E.	A Stay in this Civil Case is in the Court's Interest

The Court's enduring interest in efficiency, judicial economy, and preserving its own resources will be met by granting a stay in this situation. A stay is in the Court's best interest when "[t]he resolution of the related criminal matter may eliminate much of the court's work in the civil action by simplifying the issues or eliminating the conflict concerning [defendant's] potential assertion of the Fifth Amendment privilege, which should allow [the] civil case to proceed more expeditiously." *Eastwood v. United States*, 2008 WL 5412857 at *5 (citation omitted). A stay is also favored when, without a stay, significant time and effort by the Court and all parties will be consumed "to determine the precise contours of [Mr. Zai's] Fifth Amendment rights." *Coley v. Lucas County, Ohio*, 2011 WL 5838190 at *4. Issuing a stay in this case will meet these goals by avoiding Fifth Amendment issues and allowing the civil case to proceed more expeditiously.

Accordingly, application of the fifth *Transworld Mechanical* factor supports the grant of a stay in this case.

**F.     A Stay of the Civil Case will not be Detrimental to the Public's Interest**

The public's interest in the facts and conclusion of this case is best served by the focus of the Court's and the parties' attention on the criminal case. Given the potential that certain Defendants and most witnesses may assert their Fifth Amendment privilege in the civil case, the length of the civil case is most likely to be drawn out to resolve such issues and the facts the public wants to learn will not be known for an extended time. Further, the former members of St. Paul have a significant interest in bringing these matters to conclusion. "To a large extent, the criminal case will serve to protect and advance those same interests. Therefore, a stay of the civil case would not be detrimental to these interests." *Chao*, 498 F.Supp.2d at 1040.

Accordingly, application of the sixth and final *Transworld Mechanical* factor supports the grant of a stay in this case.

## **CONCLUSION**

As demonstrated above, the two most important factors supporting the grant of a stay in this matter are easily established: 1) the issues and operative facts in the criminal matter significantly overlap with the issues and operative facts in this case, and 2) Mr. Zai is under indictment, the criminal matter is ongoing, and the criminal trial before this Court is set to begin on November 5, 2012. The remaining factors have also been met and further support the grant of a stay in this case.

For the aforementioned reasons, Defendant A. Eddy Zai respectfully requests that the Court issue an order staying the above captioned civil proceedings until the resolution of the parallel criminal proceedings.

Respectfully submitted,

 /s/ *Charles A. Bowers*_____
Charles A. Bowers (0064075)
H. William Beseth, III (0082366)
Taft Stettinius & Hollister LLP
200 Public Square, Suite 3500
Cleveland, Ohio 44114
Ph: (216) 241-2838
Fx: (216) 241-3707
cbowers@taftlaw.com
hbeseth@taftlaw.com

*Attorneys for Defendants A. Eddy Zai and
The Cleveland Group of Companies*

## CERTIFICATE OF SERVICE

I hereby certify that on June 29, 2012, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Respectfully submitted,

 /s/ *Charles A. Bowers*_____
Charles A. Bowers (0064075)
cbowers@taftlaw.com

*One of the Attorneys for Defendants A. Eddy Zai
and The Cleveland Group of Companies*

- 10 -